JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 25 92

PATRICIA D. HOWARD
CLERK OF THE PANEL

# DOCKET NO. 928

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE CATFISH ANTITRUST LITIGATION

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,[*] LOUIS H. POLLAK, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation presently consists of six actions pending in two districts as follows:

| | |
|---|---|
| Northern District of Mississippi | 4 actions |
| Eastern District of Pennsylvania | 2 actions |

Plaintiffs in the four Mississippi actions move the Panel, pursuant to 28 U.S.C. §1407, for an order centralizing all actions in the Northern District of Mississippi for coordinated or consolidated pretrial proceedings. All defendants support this motion. The plaintiffs in the two Pennsylvania actions also support centralization, but they favor selection of the Eastern District of Pennsylvania as transferee forum.[1]

On the basis of the papers filed and the hearing held, the Panel finds that the six actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Mississippi will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are overlapping purported class actions, are brought against nearly the same defendants, and are based on allegations of a price fixing conspiracy to fix the price of catfish and catfish products. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certifications), and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judge Pollack took no part in the decision of this matter.

[1] Plaintiffs in three additional recently filed actions in the Northern District of Mississippi (two actions) and the Western District of Washington (one action) have also stated their support for centralization in the Mississippi forum. These three later filed actions were not formally before the Panel at the hearing held in this docket on May 29, 1992. In light of the Panel's decision in this docket, these actions will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

- 2 -

Plaintiffs in the Pennsylvania actions, arguing in support of selection of the Eastern District of Pennsylvania as transferee forum, place great reliance on the pendency of grand jury and criminal proceedings involving certain of the MDL-928 defendants in that district. While the location of such proceedings has often been a key factor in the Panel's choice of transferee forum, it is not in and of itself determinative, especially where, as here, another district stands out as a clear nexus for the litigation. We are persuaded that the Northern District of Mississippi is the more appropriate transferee forum for MDL-928. We note that: 1) all defendants have their corporate headquarters and principal places of business in Mississippi, and the majority of their records and witnesses is likely to be found there; and 2) the Mississippi forum is the choice of the clear majority of parties to this docket (all defendants, plaintiffs in four of the six actions presently before the Panel, and the plaintiffs in three potential tag-along actions).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Northern District of Mississippi be, and the same hereby are, transferred to the Northern District of Mississippi and, with the consent of that court, assigned to the Honorable Glen H. Davidson for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

*John F. Nangle*
*Chairman*

## SCHEDULE A

MDL-928 -- In re Catfish/Catfish Products Antitrust Litigation

### Eastern District of Pennsylvania

American Seafood, Inc., etc. v. Magnolia Processing, Inc., d/b/a
Pride of the Pond, et al., C.A. No. 92-CV-1030

Levy World Limited Partnership v. Magnolia Processing, Inc., d/b/a
Pride of the Pond, et al., C.A. No. 92-CV-1086

### Northern District of Mississippi

Rose's Wholesale Seafood, Inc. v. Magnolia Processing, Inc., et al.,
C.A. No. 2:92-CV-026-D-O

State Fish Distributors, Inc. v. Magnolia Processing, Inc., et al.,
C.A. No. 2:92-CV-020-D-O

Farm House Food Distributors, Inc. v. Magnolia Processing, Inc., et al.,
C.A. No. 2:92-CV-030-D-O

Lemoyne Cold Storage, Inc., d/b/a Lemoyne Frozen Food Center v. Magnolia
Processing, Inc., d/b/a/ Pride of the Pond, et al., C.A. No. 2:92-CV-031-D-O

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB - 2 1993

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 928

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE CATFISH/CATFISH PRODUCTS ANTITRUST LITIGATION*

*Copper Cellar Corp. v. Delta Pride Catfish, Inc., et al.*, E.D. Tennessee, C.A. No. 3:92-0621

*BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK,\* ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JR., JOHN F. GRADY, AND BAREFOOT SANDERS, JUDGES OF THE PANEL*

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiff in the above-captioned action (*Copper Cellar*) to vacate, or stay, the Panel's order conditionally transferring *Copper Cellar* to the Northern District of Mississippi for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Glen H. Davidson. Four of the six corporate defendants and one of the three individual plaintiffs in *Copper Cellar* support transfer, as do the plaintiffs in the MDL-928 actions already centralized in the Mississippi forum.

On the basis of the papers filed and the hearing held, the Panel finds that *Copper Cellar* involves common questions of fact with the actions in this litigation previously transferred to the Northern District of Mississippi, and that transfer of *Copper Cellar* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiff premises its opposition to transfer of *Copper Cellar* on the pendency of plaintiff's motion to remand *Copper Cellar* to Tennessee state court. It urges the Panel not to order transfer until the court in the Eastern District of Tennessee has decided the remand issue in *Copper Cellar*. We note, however, that the pending motion to remand *Copper Cellar* to Tennessee state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).

---

\*Judge Pollack took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Copper Cellar Corp. v. Delta Pride Catfish Inc., et al.*, E.D. Tennessee, C.A. No. 3:92-0621, be, and the same hereby is, transferred to the Northern District of Mississippi and, with the consent of that court, assigned to the Honorable Glen H. Davidson for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

*FOR THE PANEL:*

*John F. Nangle*
*Chairman*